Ms. Holliman-Hughes? Yes, sir. Good morning. You may proceed. Thank you. May it please the court, counsel. My name is Rona Holliman-Hughes. I am the attorney for appellant William Weiss. Initially, I asked the court to set aside this sentencing because I thought that the statute under 18 U.S.C. 3559E was unconstitutionally vague. I think Mr. Weiss was sentenced in May before the Supreme Court published the camp, and now I'm asking the court to consider setting aside the sentence under 18 U.S.C. 3559E of life without parole because it is not similar to a federal statute. He was sentenced in the state of Missouri to attempted statutory sodomy in the second degree and attempted statutory sodomy in the first degree. Neither one of those have the same elements as any of the federal sex statutes. And I believe that a case that came down this week by this court, Blankenship, actually applies here because in this case, the statutory sodomy under revised statute of Missouri 566.10 requires the elements of deviant sexual intercourse and lack of consent. And to have deviant sexual intercourse is defined as – Well, you're going to have to slow down for me. This is not the statute involved in the camp. No, it's not the statute. And where has the – how has the modified categorical approach been applied in this case? Well, it wasn't applied at all. So the camp is irrelevant. Well, I think – no, I think the camp is relevant because a modified approach should have been applied. No approach was applied in this case. The court just applied 3553A and assumed under – actually, if you want to say he applied something, he looked at the modified categorical approach in that he looked at the PSI and decided that the statutes or that the elements or the facts of the case of the statutory sodomy were enough to satisfy the statute. And this could be a circumstance – a situation where circumstance-specific inquiry is appropriate. Under Nashua, it just seems to me you're leaping us off into another galaxy here. Well, I actually think that the camp does apply. I think if we look at the camp and look at the approaches that the Supreme Court in the camp says are applicable to enhancing a statute, the modified, of course, does not apply because there are no alternate elements. Well, I understand that, but you have to be in a regime where the categorical approach is the base inquiry. And then you have to be dealing with a statute where circumstance-specific inquiry is not appropriate as in Nashua. And based upon Blankenship, which just decided it came down on February 12th, I think we are in that position at this time because this Court said that under Blankenship, the Court has to look at the categorical approach because, and I will quote, you have to look at the statute to determine whether or not the elements were the same as the elements of the statute. Now I can see where the link – And so I think this Court, even though it didn't have it at the time, has to use the categorical approach. At that time, the Court used no approach whatsoever, and the government assumed it used the modified categorical approach. And what is the indivisibility aspect of the underlying Missouri statutes that means – where does it take you? Well, what it says is that – I mean, I know what the camp said in the context. Right. But what I'm saying – But how do you apply it in this context? In this context, Your Honor, you have to look at the revised statute of Missouri and look at the elements of statutory or attempted statutory sodomy, which is simply a person having deviant sexual intercourse with another person who lacks the capacity to consent. Then, of course, you have to look up deviant sexual intercourse, and deviant sexual intercourse involves, of course, some sex act. And then also that that sex act is for the purpose of arousing or gratifying the sexual desire of another person. There is no – So you're saying basically if it's possible to violate the underlying statute in a way that wouldn't be a Federal sexual offense – Then you can't ever use this statute? That's correct. And I believe that's what the ruling in Blankenship was, and that is what happened here. Because the Federal – all of the Federal statutes under 18 U.S.C. 2241, I think 2242 and 2243, all about abuse – sexual abuse and sexual abuse of minors. I have a couple questions. One is, one of the arguments against your case is that your client has really pled to all the sufficient facts that prove all of these, you know, these crimes and that they were similar. But also that the district court went ahead and said, I would still impose life under 3553A. Why is that not sufficient to say this is just harmless if there is there? Because he really didn't do an extensive analysis of 3553A to determine whether or not he would still sentence him to life. There was no – I know he looked at, of course, the crime and the nature of the crime, but beyond that, he did not look at an analysis. He didn't look at the character of my client specifically. And had he had that kind of analysis, perhaps he would not have sentenced him to life. And this particular statute sentences him to life without probation or parole. Our 3553A review is pretty limited, and we pretty much said if the district court had that information in front of them, we consider that – we interpret they did consider it, and so we don't require much consideration on the record by the district court saying, I considered A, B, C, D, and so forth. So it's – there's – even if he would have considered sentencing him to life, I do not believe that he actually went through the A, B, C of 3553A. He did not go through all of the requirements that 3553A lays out. So he – I think even though he mentioned that he would – I think you're right. He didn't do it on the record. No, he did not. And so it was assumed that he had looked at the PSI, looked at the priors, and decided based upon 3553A or based upon this statute that he – 3559E – that he was entitled to sentence him to life. However, I would disagree that he could use that particular statute and sentence him to life without parole because one of the elements, actually, the gratifying – arousing or gratifying the sexual desire of another person is not an element in any of the federal sexual statutes. It's just a sexual act. And so the sexual – the federal statutes are actually narrower than the Missouri statute and should not – 3559E should not have applied in this case. Okay. Ms. Moore. Good morning. Thank you. May it please the Court, Counsel. In the defendant's or the appellant's brief, certainly they argued that the statute is unconstitutional because the court is not directed as to whether to use the categorical or non-categorical approach to determining whether the prior conviction would qualify as a sex offense to then enforce this particular statute, 3559E. The defendant in this case pled to a plea agreement where they conceded in the plea agreement they had two prior state convictions for sexual assaults with minor victims. The pre-sentence investigation, which I believe the transcript does indicate the judge read because he certainly noted that he – In this particular case, the government would assert and argues that the underlying statute, if the court were to use the categorical approach, and we are saying the court did not need to do either a categorical approach or a non-categorical approach because the defendant conceded that the statute applied to him in the plea agreement and at sentencing. Had the court looked at the categorical approach, the underlying statute – there were two underlying statutes that – You just said the government thinks the categorical approach is appropriate. Well, you've asked me to apply – Okay, but if that's your position, now we're in the heart of de camp. And I am not exactly saying that's my position. I am trying to answer the question. I'm not sure that the basis of the statute itself indicates that it should be conduct. If the conduct were – if the underlying conduct were able to be charged in a federal statute, then it applies. And the government is asserting the underlying conduct would be able to be applied in a federal statute. The statute – there were two statutes, statutory sodomy or attempt to commit statutory sodomy in the first degree and statutory sodomy or attempt to commit statutory sodomy in the second degree. The first degree – Okay, but how does the court determine – how does the court apply that test? In an evidentiary standpoint, it's sentencing. The government – the PSR has a bunch of facts, doesn't say where they came from. The government says, well, this is fine. This obviously could be the following one, two, or three federal offenses. Right. Okay, but now what is the – what is the proper evidentiary basis for that argument? Well, and I will say the pre-sentence investigation did say that those facts came from the underlying court records and the prior convictions. Then it's not – it's not a categorical approach based on the statutory elements. And if the – And now we're right in the middle of Dick Hamm. Correct. And the underlying statute says if a person commits the crime of statutory sodomy in the first degree, he has deviant sexual intercourse with another person who is less than 14 years old. That was the statute of conviction. The government would assert that that statute of conviction is obviously statutory. It's a child under the age of 14, which would be – could be two different federal convictions under the law, the federal statutes. It could be applied to either 2243A1. Why does Dick Hamm permit the – looking at the evidence that the PSI relied on to establish the factual – what you consider a sufficient factual basis? That's the issue. And –  In this particular case, the government is asserting that the court did not need to look at any additional evidence or facts because the defendant agreed to the prior convictions with minors in the plea agreement itself. And agreed that the statute 3559E applied to him in the written plea agreement that the parties signed and that was presented to the court. And the government is saying the court had every reasonable belief to rely on the defendant's concessions in the plea agreement and the agreement reached by the parties. In addition – Okay, that's a different – that's a – Right, and in addition – That's an end run, if you will, of Dick Hamm. I mean, it was – the issue was not only foreclosed, it was waived. Correct. And that's why the government is asserting and stated in its brief that the court did not need to do either a categorical or non-categorical approach to determining those prior convictions because the defendant agreed to and conceded them in the plea agreement itself. And then as additional evidence, the government would assert that then once the pre-sentence investigation was received by the parties and the court, the court also had the ability to rely on that pre-sentence investigation because there was no objections by the defense to those two prior convictions that were also set out and agreed to in the plea agreement. What about the 3553A alternative? And – Counsel says that the court never did an adequate analysis, just said – and I read the record, that's pretty much what he said. He did all the other things and he said, oh, by the way, I would have done the same thing under 3553A. And I would say I think it's clear from the record the court had read through the pre-sentence investigation and had certainly read through the plea agreement and the facts based on the transcripts from both of those hearings. The sentencing in and of itself was a fairly short proceeding. The government asked the court to impose the agreed-upon sentence of mandatory life and the defense offered no argument or alternatives to that or any evidence. So without saying, obviously I don't want to put words or an idea into the court's head, but it was a fairly short proceeding where no one offered a great deal of argument or evidence. But it is clear the court read through the pre-sentence investigation and knew about the defendant's prior convictions for essentially the – at least the same underlying offense. Obviously this was charged as a production of child pornography, but during the course of the production of child pornography, the defendant had sexually assaulted an eight-year-old victim. And the court had those prior convictions of the defendant's prior criminal sexual assaults, two convictions at the state level. And in accordance certainly with the information that was in the plea agreement and also in the pre-sentence investigation, the court knew the defendant that this case came about as the result of an investigation in yet another sexual assault investigation. So while the court didn't put a great deal of information on the record regarding the 3553A factors, the court had all that information available and clearly stated he would have sentenced the defendant to a life sentence based on his analysis of those offenses. And I do see that my time is up unless there's another question at this point.  All right, thank you. We can see another de camp issue coming under another statute for the Supreme Court. That's why I wrote my concurrence in Tucker. Which you may or may not have paid any attention to. How much time – or does Ms. Holloman-Hughes have any more time? She has one and a half minutes. Okay. Your Honors, first I want to address the issue of the PSI of the plea agreement and what the defendant agreed to. We did agree to the facts and the case and the fact that – Didn't you also agree that 3559E applied? Right, and that is because that is how it has to be alleged in the indictment, that 3559E is alleged in the indictment and has to be agreed to in order for him to act. And actually plead guilty to the particular offense. So, yes, he did agree that he would be sentenced to – pursuant to 3559E. And when we pled, it was a conditional plea. And as I recall, he agreed to not only the prior convictions but an explanation, a short explanation of what was in the prior convictions. Right. But the facts were. Right. But given DeCamp and now given Blankenship, we have to – But you were starting to say that it was a conditional plea. What was the – Right. What was the condition? How was it articulated? The conditions were based upon another case, actually. Yeah. And so – and again, because DeCamp at that time hadn't been decided. So, of course, he did not waive all of his rights to challenge 3559E and had not planned to waive his right to challenge 3559E. What was the condition? My vague recollection is it was to challenge the constitutionality of 3559E. Right. And that's what finished the case. Not a DeCamp analysis. It was the constitutionality of the statute. Right. Right. Saying that the statute was unconstitutionally vague, that the court could not find a way to apply it in a fair manner, and that different circuits, of course, had used different approaches by that time. So this might make DeCamp a 2255 issue. I do understand that. But you're still prudent to argue here. If that's the way it turns out, it may also be a direct appeal issue. It strikes me as neither fish nor fowl because of the strange sequence. Yes, I understand, Your Honor. I think my time is up. Okay. Thank you. Thank you very much. Well, we certainly appreciate your arguments, both in the briefs and the oral arguments. We thank you for your presentations today, and we'll take the case under advisement and get back to you as soon as possible. And I think that concludes the cases for the morning.